**In the Matter of Frank I. REEVES and Janice Webb Reeves, Debtors.**

**John P. WHITTINGTON, Trustee, Plaintiff,**

**v.**

**Frank I. REEVES, Janice Webb Reeves, and General Motors Acceptance Corporation, Defendants.**

**Bankruptcy No. 80–06997.**
**Adv. No. 81–0363.**

United States Bankruptcy Court,
N. D. Alabama, S. D.

May 18, 1981.

139 N.J.Eq. at 416, 51 A.2d at 454–55. (emphasis in original).

Harvey L. Wachsman, Birmingham, Ala., for the trustee.

Alan D. Levine, Birmingham, Ala., atty. for Motors Acceptance Corporation.

Danny C. Lockhart, Birmingham, Ala., for debtors.

John P. Whittington, trustee.

Jack Rivers, U. S. trustee.

## ORDER GRANTING TRUSTEE RIGHT TO SELL VEHICLE AND ALLOWING GENERAL MOTORS ACCEPTANCE CORPORATION'S CLAIM AS UNSECURED

STEPHEN B. COLEMAN, Bankruptcy Judge.

This matter coming on to be heard on the complaint of the Trustee to recover from the Debtor one 1981 GMC Caballero Pickup, VIN 1 GTCW80K8BD500723, and for a determination that the title of the Trustee is superior and good against the title of General Motors Acceptance Corporation, and on the claim of the Debtor to the said vehicle or the proceeds as exempt, and

On the appearance of the Trustee and his attorney, Harvey L. Wachsman; Alan D. Levine, attorney for General Motors Acceptance Corporation; and the Debtor by his attorney, Danny C. Lockhart, and on the submission by the parties of the following agreed statement of facts:

The Debtor purchased from Brownell Pontiac-GMC Co., Inc. the above described vehicle pursuant to an installment sales contract for the sum of $10,344.48 on the 14th day of November, 1980, by trading in a 1974 Oldsmobile. A Certificate of Title was issued by the State of Alabama on January 21, 1981. No application was made for the Certificate of Title to the Commission of Revenue until more than ten (10) days had elapsed after the purchase of the vehicle [1] and after the petition under Chapter 7 was filed in this case on December 29, 1980. Brownell Pontiac, the dealer, transferred its security interest to General Motors Acceptance Corporation.

The Debtor is in possession of the pickup truck under a claim of exemptions under the Alabama law [2].

The Trustee seeks to void and nullify the title of General Motors Acceptance Corporation as a lienholder under Section 545 of Title 11 U.S.C. The Debtor asserts claim and title to the vehicle under his claim of exemptions under Section 522(g) of 11 U.S.C.

■ The Court finds that Section 522(g) does not grant the Debtor the right to exempt property recovered by the Trustee under Section 545, as Section 545 was omitted by Congress from the influence of Section 522(g) [3], and the transfer was voluntary [4].

1. Section 32–8–61, 1975 Alabama Code, as amended, and Section 7–9–301, 1975 Alabama Code, as amended.

2. Sections 6–10–2, 3, 6, and 11 of the 1975 Alabama Code, as amended May 19, 1980.

3. Section 522(g) of the Bankruptcy Code reads: "Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsections (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section."

4. *In the Matter of Lamping*, 8 B.R. 709 (Bkrtcy. 1981).

■ It is therefore the opinion of the Court that the Debtor's claim of exemption to this vehicle should be limited to any amount obtained by the Trustee over and above the amount of the claim of General Motors Acceptance Corporation of $10,-128.97, and a separate Order will be entered finding that the title of the Trustee is superior to any rights of General Motors Acceptance Corporation and allowing the proof of claim of General Motors Acceptance Corporation as unsecured and denying it as a secured claim.

The Debtor is ORDERED to turnover and surrender the vehicle to the Trustee.

The Trustee will be authorized to sell the vehicle at public or private sale, on proper notice, including notice to General Motors Acceptance Corporation, Brownell Pontiac, and the Debtor, each of whom is granted the right to bid and purchase the said pick-up truck from the Trustee on a competitive basis.

A separate Order will be made in accordance with these findings.