In re James Harold BREWER and Elizabeth Brewer, Debtors.

Bankruptcy No. 381–02515.

United States Bankruptcy Court, M. D. Tennessee.

Jan. 12, 1982.

C. Kinian Cosner, Jr., Larry Stewart, Nashville, Tenn., for debtors.

### ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the trustee's objection to the debtors' proposed amendment of Schedule B–4 of their bankruptcy schedules. The debtors seek to amend Schedule B–4 to elect the federal rather than the state exemptions. A hearing on the trustee's objection was held on November 16, 1981. The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The debtors, James H. and Ora Elizabeth Brewer, filed a joint voluntary petition in this court under Chapter 7 of the Bankruptcy Code on August 6, 1981. Larry Stewart was appointed interim trustee on August 10, 1981. The debtors subsequently filed their Statements of Affairs and Schedules on August 27, 1981. In Schedule B–4, the debtors elected the state rather than the federal exemptions. Pursuant to § 26–2–101 et seq., of the Tennessee Code, the debtors claimed as exempt a $3,750.00 homestead exemption in their house and lot,

$3,500.00 in household goods and $500.00 in wearing apparel.

The debtors' meeting of creditors as required by 11 U.S.C. § 341 was held on September 14, 1981. The order and notice for that meeting provided in pertinent part:

> "Unless the court extends the time, any objections to the claims of the debtor of exempt property must be filed no later than 15 days after the meeting of creditors."

This fifteen-day time limit expired on September 29, 1981, without any objection to or amendment of the exemption claim. In reliance on the finality of the debtors' exemption schedules, the trustee submitted an application to employ a real estate agent to sell the debtors' residence at 1112 Nichol Lane in Nashville, Tennessee. The court granted this application on September 30, 1981.

At the time the debtors originally filed their bankruptcy schedules, § 26–2–112 of the Tennessee Code, enacted pursuant to 11 U.S.C. § 522(b)(1), precluded Tennessee residents from electing the federal exemptions. On September 22, 1981, this court found § 26–2–112 of the Tennessee Code invalid and held that Tennessee residents "continue to have the option of exempting property from their bankruptcy estates pursuant to 11 U.S.C. § 522(d)." *Rhodes v. Stewart*, 14 B.R. 629, 634–635 (Bkrtcy.Ct.M. D.Tenn.1981).[1] Consequently, the debtors in this case filed an application to amend Schedule B–4 of their bankruptcy schedules by electing the federal rather than the state exemptions. Pursuant to 11 U.S.C. § 522(d), the debtors now claim as exempt a $7,900.00 homestead exemption in their house and lot, $3,500.00 in household goods and $500.00 in wearing apparel. If approved, the amendment would increase the debtors' homestead exemption by $4,500.00. The trustee objected to the debtors' application, essentially contending that the debtors' amendment of their schedules comes too late.

---

1. *Rhodes v. Stewart* is presently on appeal before the 6th Circuit Court of Appeals. As of this date, this court's decision in *Rhodes* has not been stayed pursuant to Rule 805 of the Federal Rules of Bankruptcy Procedure and therefore remains applicable in all pending bankruptcy proceedings.

The debtors seek to amend Schedule B–4 of their bankruptcy schedules pursuant to Rule 110 of the Federal Rules of Bankruptcy Procedure and Local Rule 15 of the United States Bankruptcy Court for the Middle District of Tennessee. Rule 110 provides:

"A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule or statement of affairs to be amended. Every amendment under this rule shall be filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate."

Local Rule 15 provides as follows:

"Pursuant to Rule 110 of the Federal Rules of Bankruptcy Procedure which continues to be applicable to cases initiated under the Bankruptcy Reform Act of 1978, schedules may be amended as a matter of course at any time before a case is closed. Thus, a debtor may amend Schedule B–4 to claim additional property as exempt at any time before the case is closed without having to obtain leave of court. The debtor must serve a copy of the amendment on the trustee and any other party in interest requesting same. Such an amendment will be deemed effective as of the date that it is served or filed, whichever is later. The trustee and other parties in interest shall have 15 days after the later of these dates within which to file objections to the amended claim of exempt property."

At first glance, Rule 110 and Local Rule 15 would appear to provide credence to the debtors' contention that they may amend their election of exemption systems at any time prior to the closing of the bankruptcy proceeding. The better view, however, is that the application of Rule 110 and Local Rule 15 should be limited to those situations where additional assets are discovered after the schedules are originally filed. *In re Duggan*, 4 B.R. 709, 710 (Bkrtcy.N.D.Tex.1980). *See also In re Korff*, 14 B.R. 189, 194 (Bkrtcy.E.D.Mich., S.D.1981); *In re Selman*, 7 B.R. 889, 890 (Bkrtcy.D.N.M.1980). At some point, the debtor's election of either the state or federal exemptions must become irrevocable so as to avoid any unfair prejudice to the trustee and unsecured creditors. As the court aptly explained the problem in *In re Selman*, 7 B.R. at 890:

"The crux of the difficulty lies in § 326, which denies to the trustee any compensation on moneys disbursed to the debtor. There is great unfairness in having a trustee diligently take charge of assets not claimed as exempt and reduce the asset to cash, spending considerable time, effort and expense in the process. Then, when the case would be otherwise distributed to creditors, the debtor seeks to amend his exemptions to claim the benefits of the trustee's work, without bearing the burden of the trustee's efforts."

*See also In re Korff*, 14 B.R. at 194, *Matter of Houck*, 9 B.R. 460, 7 Bankr.Ct.Dec. 486, 488 (Bkrtcy.E.D.Mich., S.D.1981); *In re Cobb*, 3 B.R. 150, 151 (Bkrtcy.D.Mass., 1980).

The only question, then, is at what point a debtor's choice of exemption systems becomes final. A debtor's claim of exemption is governed by 11 U.S.C. § 522(*l*) which provides:

"The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*" (emphasis supplied)

Pursuant to § 522(*l*), this court's order and notice issued for the debtors' meeting of creditors stated:

"Unless the court extends the time, *any objections* to the claims of the debtor of exempt property must be filed no later

than 15 days after the meeting of creditors." (emphasis supplied).

 The words "any objections" are unconditional and therefore would encompass objections by any party in interest, including the debtor. Once this fifteen-day period has expired, the debtor is precluded from altering his exemption election to the possible prejudice of the trustee and unsecured creditors. Such a time limitation is necessary to insure the efficient and orderly administration of the estate. *See Central Kansas Credit Union v. Lyon*, 6 Bankr.Ct. Dec. 343, 345 (Bkrtcy.D.Kan.1980).

Nor are the debtors aided by the fact that when they originally filed their bankruptcy schedules, § 26–2–112 of the Tennessee Code prohibited Tennessee residents from electing the federal exemptions. This court's determination that § 26–2–112 was invalid rendered the statute null and void from its enactment. *Chicago, Indianapolis, and Louisville Railway Co. v. Hackett*, 228 U.S. 559, 566, 33 S.Ct. 581, 584, 57 L.Ed. 966 (1913); *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178 (1886). *See also* 16 Am.Jur.2d *Constitutional Law* § 256 (1979). Section 26–2–112 could not, therefore, prevent a debtor from electing the federal exemptions. The debtors in this case had the same opportunity as the debtor in *Rhodes* to file under the federal exemptions and challenge the validity of § 26–2–112 of the Tennessee Code. By failing to pursue this course of action, the debtors in this case have effectively waived any right to now claim the federal exemptions.

The debtors' application to amend Schedule B–4 of their bankruptcy schedules is therefore denied.