**In re Joseph John BYRD, Debtor.**

**Bankruptcy No. 3-81-01258.**

United States Bankruptcy Court
E. D. Tennessee.

Aug. 11, 1982.

---

**2.** The court makes no determination on the merits of the appellees' claims before the Bank- ruptcy Court.

Leon Steinberg, Knoxville, Tenn., Trustee in Bankruptcy.

Carl P. McDonald, Maryville, Tenn., for Bank of Maryville.

Jimmie D. Turner, Oak Ridge, Tenn., for debtor.

## MEMORANDUM AND ORDER

CLIVE W. BARE, Bankruptcy Judge.

This matter is before the court on the trustee's objections to the debtor's amended claim for exemptions. The bankruptcy petition was filed August 12, 1981, under Chapter 7 of Title 11 of the United States Code. Schedule B–4 contained a list of items claimed as exempt, T.C.A. § 26–2–102, totaling $1,095.00. Schedule B–2 re-

flected the debtor was the owner of a 1978 Honda of the value of $5,200.00, with the Bank of Maryville holding a lien in the amount of $7,045.20.[1] After the trustee determined that the Bank's security interest was unperfected and after obtaining an order from the court directing the debtor to turn over the vehicle to him, see order entered June 17, 1972, the debtor filed an amendment to Schedule B–4 claiming as exempt an equity in the Honda in the amount of $2,905.00 (the difference in the debtor's previously claimed exemptions and the $4,000.00 maximum prescribed by T.C.A. § 26–2–102). On June 21, 1982, the trustee filed objections to the proposed amendment.

 The objections will be sustained. When the debtor purchased the vehicle in June 1981, he received a bill of sale for the vehicle but failed to apply for a new certificate of title. Had he done so, the Bank's lien would have been noted thereon, and the Bank's security interest would be perfected rather than unperfected. The security interest is, of course, effective as between the debtor and the Bank. It is only ineffective as between the Bank and the trustee holding the rights of a judgment lien creditor. 11 U.S.C. § 544(a); T.C.A. § 47–9–301(1)(b), (3).

The order and notice entered August 19, 1981, provided that objections to the debtor's claim of exempt property "must be filed" within 15 days after September 16, 1981. Numerous courts have held that the debtor cannot amend his claim for exemptions after such date. *See In re Selman,* 7 B.R. 889 (Bkrtcy.N.M.1980); *In re Houck,* 9 B.R. 460 (Bkrtcy.E.D.Mich.1981); *In re Reeves,* 11 B.R. 302 (Bkrtcy.N.D.Ala.1981); *In re McLemore,* No. 2–81–0228 (M.D.Tenn. 1981); *In re Brewer,* 17 B.R. 186, (Bkrtcy. M.D.Tenn.1982), *aff'd* 22 B.R. 983 (1982).

 It is not the intention of this Court to blindly deny exemptions asserted after the 15-day period, *see In re Coffey (Coffey v. Southeastern Energy, Inc.),* 21 B.R. 804 (Bkrtcy.E.D.Tenn.1982), but to allow or disallow the belated exemption claim

1. The Bank subsequently filed its claim in the amount of $6,459.60.

according to the facts of the particular case. As a general rule, however, the 15-day period will be adhered to—there must be some finality to the date after which exemption claims may not be changed.

In the case before this Court the purported change in exemptions comes some ten months after the petition was filed, some eight months after the time for filing objections had expired, and after the trustee determined that the Bank's lien was unperfected. Nor does it appear that denial of the belated exemption will cause any injury to the debtor. He lists a tax obligation of some $3,700.00. Obviously the sale of the vehicle by the trustee will result in the proceeds being paid on the tax claims, if the Internal Revenue Service or the debtor files a proof of claim. Since the debt would be nondischargeable, the debtor still reaps the benefits of his failure to apply for a certificate of title. The bank is the loser.

IT IS SO ORDERED.