**In re Tony Dale DAVIS, Debtor.**

**Bankruptcy No. 383–02360.**

United States Bankruptcy Court, M.D. Tennessee.

March 29, 1984.

Richard Cummings, Burger, Fly & McFarlin, Murfreesboro, Tenn., Trustee.

William M. Cloud, Jr., Clarksville, Tenn., for debtor.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether the debtor may amend his exemption schedule more than 15 days after his meeting of creditors, but before the case is closed. The trustee argues on the authority of *In re Brewer,* 17 B.R. 186 (Bkrtcy.M.D.Tenn.) *aff'd,* 22 B.R. 983 (D.C.M.D.Tenn.1982) that the debtor's amended exemption schedule, filed more than 15 days after the meeting of creditors, is untimely and should not be allowed. Upon consideration of the arguments of the parties and applicable authority, the court holds that a debtor may amend the exemption schedule at any time before the case is closed.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

The facts are undisputed. The debtor, Tony Dale Davis ("Davis"), filed a voluntary Chapter 7 petition on September 2, 1983. Davis' statement of affairs reflected that he anticipated a tax refund of $1,417.68. Davis, however, failed to claim the expected refund as exempt property on Schedule B–4.[1] Davis' meeting of creditors was held October 3, 1983. On December

---

1. Davis utilized only $1,925 of the $4,000 personal property exemption available under T.C.A. § 26–2–202. Davis, therefore, has sufficient un-used exemption to accommodate the proposed amendment.

13, 1983, Davis filed an amendment to schedule B–4 to claim one-half of the 1982 tax refund and a $900 1983 tax refund as exempt property. On December 21, 1983, the trustee objected to the amendment as untimely. A hearing was held February 21, 1984.

The rule in this district has been that a debtor must file any amendment to his exemption schedule within 15 days after his meeting of creditors, with a limited exception for "newly discovered" assets. *In re Brewer*, 17 B.R. 186, 188–189 (Bkrtcy.M.D.Tenn.) *aff'd*, 22 Bankr. 983 (D.C.M.D.Tenn.1982). The 15-day grace period was predicated on the interrelationship between Rule 110 of the Federal Rules of Bankruptcy Procedure (now superceded) and Local Rule 15 of the United States Bankruptcy Court for the Middle District of Tennessee (now deleted).[2] Rule 110 stated:

A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed.

Local Rule 15 provided:

Pursuant to Rule 110 of the Federal Rules of Bankruptcy Procedure which continues to be applicable to cases initiated under the Bankruptcy Reform Act of 1978, schedules may be amended as a matter of course at any time before a case is closed. Thus, a debtor may amend Schedule B–4 to claim additional property as exempt at any time before the case is closed without having to obtain leave of court. The debtor must serve a copy of the amendment on the trustee and any other party in interest requesting same. Such an amendment will be decreed effective as of the date that it is served or filed, whichever is

later. *The trustee and other parties in interest shall have 15 days after the later of these dates within which to file objections to the amended claim of exempt property.* (emphasis added).

In *Brewer* this court determined that a debtor could not amend the exemption schedule once the 15-day time limit for filing objections expired under Local Rule 15.[3]

■ This court's experience applying the 15-day rule to exemption amendments and recent changes in the Local Rules require the court to reconsider the effect of *Brewer* in this district. Although Rule 1009 of the (new) Bankruptcy Rules, effective August 1, 1983, made no pertinent substantive change in the law, Rule 1009 reaffirms the intent of the Rules Committee that a debtor be allowed to amend the exemption schedule at any time before the case is closed:

A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement *may be amended by the debtor as a matter of course at any time before the case is closed.* The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. (emphasis added).

The Advisory Committee Note accompanying Rule 1009 indicates that "[t]his rule continues the *permissive approach* adopted by former Bankruptcy Rule 110 to amendments of voluntary petitions and accompanying papers." (emphasis added). Effective March 1, 1984, Local Rule 15 was deleted from the rules of practice and procedure in this court. The elimination of Local Rule 15 conforms the procedure in this district with the overwhelming weight

---

**2.** Rule 15 was deleted from the revised Local Rules enacted March 1, 1984.

**3.** The 15-day rule was imposed in part to provide finality and certainty to the debtor's exception election. Finality and certainty are desireable to protect a trustee from being prejudiced by misleading exemption schedules.

There is great unfairness in having a trustee diligently take charge of assets not claimed as

exempt and reduce the asset to cash, spending considerable time, effort, and expense in the process. Then, when the case would be otherwise distributed to creditors, the debtor seeks to amend his exemptions to claim the benefits of the trustee's work without bearing the burden of the trustee's efforts.

*In re Selman*, 7 B.R. 889, 890 (Bkrtcy.D.N.M. 1980).

of authority that amendments to schedules are allowable as a matter of course until a case is closed.

> When the bankrupt files an application to amend a voluntary petition in bankruptcy, the court's only role under Rule 110 is to decide who should be given notice of the amendment. It does not have discretion to deny leave to amend or to require a showing of good cause.

*In re Gershenbaum,* 598 F.2d 779, 781 (3d Cir.1979). *See also Redmond v. Tuttle,* 698 F.2d 414, 417 (10th Cir.1983); *Doan v. Hudgins,* 672 F.2d 831, 833 (11th Cir.1982); *Andermahr v. Barrus,* 30 B.R. 532, 534 (Bkrtcy.App. 9th Cir.1983); *In re Jordan,* 21 B.R. 318, 320 (Bkrtcy.E.D.N.Y.1982); *In re Vest,* 18 B.R. 241, 242 (Bkrtcy.D.N.M. 1982); *Schmidthuber v. Myers,* 18 B.R. 129, 130 (Bkrtcy.D.Neb.1982).[4] Allowing amendments at any time before the case is closed serves the Bankruptcy Code policy of maximizing a debtor's "fresh start." *See, e.g., Associates Financial Services Co. v. Dahdah,* 20 B.R. 665, 668 (Bkrtcy. App. 9th Cir.1982); *Yoder v. United States,* 32 B.R. 777, 781 (Bkrtcy.W.D.Pa. 1983); *Credithrift of America, Inc. v. Dubrock,* 5 B.R. 353, 555 (Bkrtcy.W.D.Ky. 1980).

Other considerations warrant the liberal granting of exemption amendments. First, the 15-day rule in this district has become so punctured by exceptions as to render the policy of exemption certainty and finality underlying *Brewer* virtually meaningless. The court discovered that the 15-day limitation, if vigorously applied, caused inequity and prejudice in many cases and, thus developed a multifaceted balancing test to determine whether the failure to claim the amendment within the 15-day period was the result of "excusable neglect." *In re Williams,* 26 B.R. 741 (Bkrtcy.M.D.Tenn. 1982). The test devised in *Williams* has exascerbated, rather than alleviated the un-

certainty which spawned the 15-day deadline in the first place.

Second, the 15-day rule has placed an unintended administrative burden upon the trustees in Chapter 7 cases. Most amendments proposed in open cases are approved after applying the *Williams* criteria. *See, e.g., In re Rhoten,* 27 B.R. 494, 496 (Bkrtcy.M.D.Tenn.) *adopted* 33 B.R. 113 (D.C.M.D.Tenn.1983); *In re Fisher,* Case No. 381–03674 (Bkrtcy.M.D.Tenn. Jan. 31, 1983) ($600 tax refund allowed to be substituted for original claim of exempt property). The trustee is, however, obligated to object to all exemption amendments filed after the 15-day period. The *Brewer* rule requires the scheduling of an evidentiary hearing with the consequent consumption of time by both the trustee and the court. The rule also requires the trustee to object to amendments concerning relatively small amounts of property which are difficult or costly to administer. *See, e.g., In re Medley,* 29 B.R. 84, 88 (Bkrtcy.M.D.Tenn.1983) ($1,346 tax refund); *In re Garner,* Case No. 181–03463 (Bkrtcy.M.D.Tenn. July 5, 1983) ($1,010.85 refund amendment); *In re Speck,* Case No. 382–00014 (Bkrtcy.M.D. Tenn. Apr. 4, 1983) ($1,591 tax refund); *In re Swan,* Case No. 381–03939 (Bkrtcy.M.D. Tenn. Dec. 27, 1982) ($932.62 tax refund); *In re Kee,* Case No. 382–00030 (Bkrtcy.M. D.Tenn. Dec. 27, 1982) ($777 tax refund).

Finally, the failure to claim the exemption in the original documents is almost always the result of "attorney oversight" or "miscommunication" between the attorney and client not intentional misconduct or gross neglect. Any policy of preventing fraud or other adversity is not effectively promoted by perpetuating the 15-day rule. The trustee and affected creditors can be protected from prejudice and fraud by requiring reimbursement of costs and expenses reasonably incurred in detrimental

---

**4.** The instant decision signals a return in this district to the policies and procedures governing exemption amendments in effect before *Brewer.*

  [T]he procedure in bankruptcy cases for claiming property as exempt which was not claimed in the schedules filed with the peti-

tion is to file an appropriate amendment. *If filed prior to the case being closed, the amendment is effective upon filing; no court approval is required.*
*Jones v. Burgess,* 1 B.R. 421, 426 (Bkrtcy.M.D. Tenn.1979). (emphasis added).

reliance on the original exemption schedule on a case-by-case basis.[5]

This court, of course, recognizes that *Brewer* was affirmed by the United States District Court for the Middle District of Tennessee and no unilateral action of the bankruptcy court can affect the law of that case. However, changes in the rules undermine the vitality of *Brewer* and several years of experience in application argue earnestly for rejection of the *Brewer* approach. The process of change must begin with this court.

Accordingly, the trustee's objection to Davis' amendment of Schedule B–4, being premised solely on the untimeliness of the proposed amendment, and in the absence of asserted prejudice, is OVERRULED.[6]

An appropriate order will be entered.

---

5. The court remains mindful of its admonition in *In re Edmonds,* 27 B.R. 468, 469 (Bkrtcy.M.D. Tenn.1983) that "[e]xempting property is not a game of "hide-and-seek" wherein the debtor quietly retains all property that the trustee does not find and then moves to amend the exemption schedules when the trustee becomes aware of the property." This court will condone neither the haphazard nor intentionally deceptive use of exemptions to the prejudice of the trustee or unsecured creditors. When prejudice has resulted from the debtor's or his counsel's negligence, the court will entertain a motion for assessment of costs and expenses. *See, e.g., Doan v. Hudgins,* 672 F.2d at 833; *In re McQueen,* 21 B.R. 736, 737–738 (Bkrtcy.D.Vt. 1982); *In re Vest,* 18 B.R. at 242; *Schmidthuber v. Myers,* 18 B.R. at 130.

6. This is an open bankruptcy case. The "excusable neglect" criteria delineated in *Williams* and interpreted in subsequent cases remain applicable to determine the allowability of exemption amendments filed after a debtor's case is closed.