**In re Janel B. SHAPKIN, Debtor.**

**Bankruptcy No. 281–00230–D.**

United States Bankruptcy Court, E. D. California.

Oct. 22, 1981.

Marvin C. Marx, Sacramento, Cal., for debtor.

Thomas McCampbell, Chico, Cal., for trustee.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### Summary of Facts

JANEL B. SHAPKIN, debtor, filed her voluntary petition in bankruptcy under Chapter 7 on January 21, 1981. In her Schedule B-2, she listed as personal property $10.00 cash on hand, $50.00 on deposit with banking institutions, et al., miscellaneous household furnishings, and a 1976 Toyota automobile. She did not list or disclose a federal income tax credit which is the subject of debtor's motion and Trustee's objection to amended claim of exemption. In her Schedule B-4, she claimed the federal exemption for her automobile and her household furnishings.

On March 3, 1981, the first meeting of creditors was held and the interim trustee, STANLEY E. SILVA, became the Trustee.

The time for filing objections to discharge and/or complaints to establish nondischargeability of debts expired May 4, 1981.

On July 14, 1981, the debtor's discharge was granted by this Court. On July 27, 1981, the Trustee received a tax refund check from Internal Revenue Service for $492.30. On August 14, 1981, the debtor filed an amendment to Schedules B-2 and B-4, adding the federal income tax refund as an asset on B-3 and claiming it exempt on B-4. The Trustee objected to the claimed exemption on the grounds that the amendment was not timely filed in that adverse interests had intervened and completion of administration of the estate, and also that debtor had exhausted her cash value entitlement under Bankruptcy Code Sections 522(d)(3) and (5).

### Analysis

Bankruptcy Rule 110 provides that schedules may be amended to include omitted assets and claims of exemption if the amendment is seasonably offered. (Collier on Bankruptcy, 15th Edition, section 521.-07.)

However, the case of *In re Duncan*, Bkrtcy.Ohio, 7 B.R. 482 (1980), held that the debtor's motion requesting the Trustee to disburse the debtor's refund check should be denied because the debtor "failed to make her amendment to her schedule of property claimed exempt within a reasonable time, while the property of the estate was still being administered by the trustee."

The court also based its decision on the fact that the debtor had received her discharge prior to the filing of the amended schedule of exemptions and thus, "creditors who filed proof of claims in response to the notice that there would be assets in the estate available for distribution to general creditors would be adversely affected."

It is evident that Bankruptcy Rule 110 must be read in light of the *Duncan* case to arrive at an interpretation of what is a "seasonable" time for amendments to be filed. *Duncan* specifically states that this "seasonable" time is while the case is still being administered by the Trustee and be-

fore general creditors will be adversely affected.

The case of *In re Lowitz*, Bkrtcy.Cal., 3 B.R. 150, clearly holds that a claim of exemption becomes final 15 days after the first meeting of creditors and that any amended claim of exemptions filed thereafter would be untimely. Judge Brown held that this delineation is necessary in order to avoid an adverse impact on creditors who rely on the finality of the claims of exemption that the debtor files with the court.

Bankruptcy Rule 108(a) requires the debtor to file schedules in the manner prescribed by the Official Forms, setting forth all his debts and all his property. The debtor is required to verify these under penalty of perjury. This requirement of full disclosure by the debtor is essential for the diligent and proper administration of debtor's estate. Scheduling of debts and property must be done with candor and accuracy, and most likely requires a search and examination of the debtor's books, records, bills, accounts, mind and memory. It is not to be lightly treated, for concealment of assets may be a crime as well as grounds for denial of discharge.

Why the debtor failed to list and disclose the income tax credit on her schedules filed January 21, 1981, is unclear. She certainly knew of the tax credit when she signed her income tax return. When she filed the return is unknown but it was on or before April 15, 1981, the final date for filing. If she did not know the exact amount of the credit on January 21, 1981, an estimated figure could have been used in the schedules and amended when the exact amount became known.

### Conclusion

The facts of the instant case indicate that the debtor's amendments to Schedules B–2 and B–4 were not filed until more than five months after the first meeting of creditors. What is clear is that at the date of the filing of the amendments to her schedules, the time for filing complaints objecting to discharge or to determine dischargeability of debts had expired, the discharge order had already been entered, and the Trustee had completed administering the estate.

The debtor would have us believe that the debtor's amendments on August 14, 1981, were "seasonably made." However, the *Duncan* case clearly sets forth the standards to be used in arriving at the determination of what is "seasonable." Since the discharge had already been granted, the Trustee was no longer administering the estate, and general creditors could be adversely affected, it is apparent that under the standards set forth in either *Duncan* or *Lowitz* the amendments were not timely filed and the debtor's motion should be denied.

Therefore, good cause appearing, it is

ORDERED that the debtor's motion for order to compel Trustee to turn over exempt property to debtor is hereby denied, and it is further

ORDERED that the Trustee's objection to debtor's claim of exemption filed August 14, 1981, of a 1980 Federal Income Tax Refund in the sum of $492.30 is hereby sustained.