In re Walter J. BUCK, dba Buck's Commercial Sales and Service and Individually, Debtor.

Bankruptcy No. 80–00204.

United States Bankruptcy Court, D. Hawaii.

Jan. 7, 1982.

Robert M. Ehrhorn, Jr., Honolulu, Hawaii, for American Sav. & Loan.

Gary B. K. T. Lee, Honolulu, Hawaii, for debtor.

Scott Nakagawa, Honolulu, Hawaii, trustee.

## ORDER GRANTING ABANDONMENT OF PROPERTY

JON J. CHINEN, Bankruptcy Judge.

Walter J. Buck, dba Buck's Commercial Sales and Services, hereafter "Debtor", filed his Chapter 13 petition on April 15, 1980. Debtor elected the federal exemptions under the Bankruptcy Code rather than the exemptions under State law. At the confirmation hearing held on June 12, 1980, confirmation of Debtor's plan was denied because the Debtor was then unemployed and without any regular income. On June 18, 1980, this Court issued an Order Denying Confirmation and directed Debtor to file a plan by July 11, 1980. This date was subsequently extended to August 8, 1980.

Because the Debtor had moved and was employed in California, the Court permitted Debtor to file his amended plan and amended schedules on December 3, 1980. On July 27, 1981, because a secured creditor filed a rejection of Debtor's plan, the Chapter 13 case was voluntarily converted to a chapter 7 case. Scott Nakagawa was appointed as trustee.

On August 18, 1981, a Final Decree of Divorce between Debtor and his wife was entered in the State Family Court, and the State Family Court awarded Debtor's one-half (½) interest in the residential property to Debtor's ex-wife. An appraisal filed herein on April 4, 1981 shows the value of the residential property to be $114,000.00, subject to two mortgages in the sum of approximately $81,443.00.

On July 27, 1981, Debtor filed a Motion for Order Abandoning Property and/or Order that Property is Exempt. This motion referred to the residence of Debtor situate at 713 Kanaha Street, Kailua, Hawaii.

A hearing on the motion was held on September 4, 1981, at which time present were Gary Lee, who represented the Debtor, Scott Nakagawa, who represented himself as Trustee, and Robert Ehrhorn, who represented American Savings and Loan Association.

At the hearing, counsel for Debtor stated that he would amend the claim for exemptions from those under the Federal statute to those under the Hawaii statutes. Following the hearing, the Court took the matter under advisement and requested counsel to submit memoranda.

On September 18, 1981, Debtor amended his list of exemptions to indicate that he was claiming his exemptions under the State statute and not under the U. S. Bankruptcy Code.

Under Hawaii law property held as tenancy by the entirety is not subject to the claims of creditors of one of the spouses. Thus, Debtor requests that the residential property held by him as tenant by the entirety as of July 29, 1981, when the Chapter 13 case was converted to Chapter 7, be exempted and abandoned.

The main issues before this Court are two-fold:

(1) Whether or not the amendment to the exemptions filed on September 18, 1981 is valid?

(2) If the amendment is valid, what is its effective date?

Under 11 U.S.C. Section 522($l$) the Debtor shall file a list of property that he claims as exempt and unless a party in interest objects, the property claimed as exempt is deemed exempt. Section 522 does not specify when the election by the Debtor must be made, and the bankruptcy rules do not address this matter. The legislative history of the Code indicates that it was the intent of Congress that if the Debtor made an improvident choice, he should be permitted to amend his list of exemptions, although no mention is made specifying the time for election of exemptions.

In absence of a limitation in the Code citing a definite time by which the Debtor must make his election as to his exemptions, this Court agrees with the holding in *In re Cobb*, 3 B.R. 150, 151 (Bkrtcy.N.D.Cal.1980) that

[the] final election should be made by or before the time that others can be hurt in relation to their reliance upon the position taken.

In other words, the Debtor will be permitted to amend his election of exemptions so long as no party in interest has been hurt as a result of relying upon Debtor's previous choice of exemptions.

In the instant case, upon filing his Chapter 13 petition, the Debtor elected the federal exemptions, wherein among others, he chose to exempt up to $7,500.00 of his interest in real property. By his election Debtor did not exempt the residential property held as tenants by the entirety with his wife. On July 27, 1981, Debtor filed his Motion for Order Abandoning Property and/or Order that Property is Exempt. Notice of the motion was sent to all the creditors. On July 29, 1981, Debtor's Chapter 13 case was converted to a Chapter 7 proceeding. A meeting of creditors has not yet been held in the Chapter 7 case.

The Hawaii Supreme Court held in the case of *Sawada v. Endo*, 57 Hawaii 608, 561 P.2d 1291 (1977), that property held as tenants by the entirety is not subject to the claims of creditors of one of the spouses. Therefore, if a spouse files a bankruptcy petition and elects the Hawaii exemptions, property held as tenants by the entirety may be entirely exempted. This is allowed under the Code pursuant to 11 U.S.C. Section 522(b)(2)(B).

No party in interest has alleged a change in position or that it has been harmed because of reliance on Debtor's original election of federal exemptions. Thus, this Court hereby allows the Debtor to amend his election of exemptions to that under the State law, effective as of the date of conversion on July 29, 1981.

Since the subject property is exempted as of July 29, 1981, this Court had no jurisdiction over the property held as tenants by entirety. Thus, the State Family Court had jurisdiction to enter the divorce decree and the property settlement, wherein the property in question was conveyed to Debtor's ex-wife.

Debtor's motion is granted and the Trustee is hereby directed and ordered to abandon the residential property situate at 713 Kanaha Street, Kailua, Hawaii.