**In re Robert Howard VEST, Debtor.**

**Bankruptcy No. 80–01367 M R.**

United States Bankruptcy Court,
D. New Mexico.

March 8, 1982.

Alvin F. Jones, Roswell, N. M., for debtor.

Robert I. Waldman, Roswell, N. M., Trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing January 14, 1982, on the trustee's Objection to Amended Exemption.

The debtor filed a voluntary petition in bankruptcy under Chapter 7 of Title 11 of the United States Code December 18, 1980. On April 6, 1981, the debtor amended schedule B–4, listing exempt property, to include a color television set and a video tape recording unit, valued at $1,200.00. This exemption was claimed pursuant to § 42–10–1, NMSA (1978). The property newly claimed exempt was not listed in either schedule B–2 or B–3 of the original petition. The trustee timely filed an objection to this amendment on April 10, 1981.

The trustee objects to the debtor's exemption of these items on the grounds that these items were neither owned nor listed as owned by the debtor at the time the petition was filed. The trustee submits that all assets and liabilities of the debtor are fixed at the time of filing the petition in bankruptcy. He fails, however, to cite either caselaw or statute to support his position.

The trustee represented to the Court that the television and video equipment were, in fact, sold by the debtor to his brother several weeks prior to the filing of the bankruptcy. Apparently the trustee considered filing a lawsuit in order to recover these items and upon bringing this to the debtor's attention, the debtor voluntarily recovered said property. The trustee took no action to recover said property other than to alert the debtor that he might seek to recover the property as a voidable transfer.

Debtors may amend their schedules at any time prior to the closing of the case subject to objections filed by any party adversely affected by said amendment. *In re Boyer, In re Miller, In re Cline*, 7 B.C.D. 88, 7 B.R. 930 (Bkrtcy.D.Idaho 1981); *In re Maxwell*, 2 C.B.C.2d 1000, 6 B.C.D. 1121, 5 B.R. 58 (Bkrtcy.N.D.Ga.1980). *Cf. In re Blue (Butz v. Blue )*, 3 C.B.C.2d 4, 5 B.R. 723 (Bkrtcy.S.D.Ohio 1980). Certain jurisdictions operate pursuant to local bankruptcy rules setting specific time limits for amending exemptions but will, however, extend said time limits so long as no party would be adversely affected by the amendment. *In re Tuttle (Redmond v. Tuttle )*, 8 B.C.D. 468, 15 B.R. 14 (Bkrtcy.D.Kan.1981).

There was no showing by the trustee or any other party of any adverse effect resulting from allowing the debtor to amend his exemption schedule. No party acted in detrimental reliance on the original schedule and expended any time or funds attempting to recover the property for the estate. This Court finds that said amendment is allowable in accordance with the above-stated principles.

11 U.S.C. § 522(g) (1978) allows the debtor to exempt property under subsection b of Section 522 that the trustee recovers as a result of some exercise of the trustee's avoiding powers under certain circumstances. If the debtor in this matter were asserting his power to exempt pursuant to that subsection, it appears to this Court that the debtor would be precluded from doing so pursuant to 11 U.S.C. § 522(g) (1978) since the transfer of property was voluntary. However, in this case, there was no representation made that anyone but the debtor took any action with respect to said property.

That being the case, this Court will allow the debtor to amend his claim of exemptions.

An appropriate order will enter.