**In re Raymond J. McQUEEN, Jr., and Barbara A. McQueen, Debtors.**

**Bankruptcy No. 81-00273.**

United States Bankruptcy Court,
D. Vermont.

May 26, 1982.

James Anderson, Barre, Vt., for debtors.

Douglas J. Wolinsky, Burlington, Vt., Trustee, pro se.

Harvey B. Otterman, Jr., Bradford, Vt., for Bradford National Bank.

Samuel C. FitzPatrick, Montpelier, Vt., for Agway, Inc.

MEMORANDUM AND ORDER ON
AMENDMENT OF EXEMPTIONS

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of the Debtors to Amend Schedule B–4—Property Claimed as Exempt came on for hearing, after notice.

This Motion to Amend is triggered from the Debtors' desire to participate in the proceeds which may be realized from the sale of cattle subject to an alleged lien in favor of the Bradford National Bank and against which the Trustee is claiming a preference under a Complaint which will be heard at a later date.

Schedule B–4 as filed by the Debtors is confusing in that they have checked the block indicating that they claim exemptions under the laws of the State of Vermont and refer to § 522 which allows the exemptions

under the Bankruptcy Code. In any event the matter in issue has been raised under the theory that the Debtors have been claiming exemptions under the laws of the State of Vermont. The Court is proceeding on this basis even though the Debtors in their Memorandum of Law supporting their claim to exemptions have indicated that they are entitled to claim property owned by them as an estate by the entirety exempt under 11 U.S.C. § 522(b)(2)(B). The Trustee does not dispute that the property of the Debtors is held by them as an estate by the entirety. However, they are still not entitled to the exemption by virtue of the above-cited section of the Code. They have filed a Joint Petition. The obligations listed are joint. It is elementary that the rights of the Debtors in property held by them as an estate by the entirety should be determined by state law.

Although no Vermont case law has been found it is generally held that the estate by the entirety is liable for the joint debts of both spouses and, hence, it is reachable by process and bound by judgment in an action against them jointly. 41 Am. Jur.2d 77 § 76. *U. S. v. Ragsdale* (D.C. Tenn.) 206 F.Supp. 613; *First Nat. Bank v. Pothuisje*, 217 Ind. 1, 25 N.E.2d 436, 130 A.L.R. 1238; *Ades v. Caplin*, 132 Md. 66, 103 A. 94; *Martin v. Lewis*, 187 N.C. 473, 122 S.E. 180, 35 A.L.R. 144. And in *Ragsdale v. Genesco, Inc.*, (Bkrtcy.E.D.Va.1981) 9 B.R. 991, 7 BCD 574, the Bankruptcy Court held that in a joint case the trustee may reach entireties property because the interest of both debtors passes into the estate upon filing. Therefore, the entirety property is not exempt.

This leaves as the only issue to be determined the right of the Debtors to amend their exemption schedule so that they may claim the exemptions provided under the Bankruptcy Code, specifically § 522(d), rather than those allowed under the laws of the State of Vermont.

The records in this case indicate that the Trustee has taken no steps to liquidate the estate other than to institute the Complaint for recovery of the alleged preference in favor of the Bradford National Bank. His Interim Report filed May 18, 1982 recites that this is the only possible asset of the bankrupt estate as of this date.

There was no testimony adduced at the hearing but the representation was made and this Court is convinced that the Debtor cooperated with the Trustee and performed valuable administrative services in obtaining the necessary evidence in support of the Complaint filed by the Trustee.

§ 522(*l*) requires that the debtor file a list of property that he claims as exempt. No time is specified in the Code for the filing of objections to the debtor's claim of exemption. 3 Collier, 15th Edition, § 522.-26, page 522–63. In addition the Interim Rules do not prescribe a fixed time for establishing the exemptions. In view of this the Rules of Bankruptcy Procedure are controlling. Under Rule 110 the Schedules may be amended as a matter of course at any time before the case is closed.

However, as to exemptions, consideration must be given to the Order for the Meeting of Creditors which provided that unless the Court extended the time any objection to the debtor's claim of exempt property must be filed within 15 days after the date set for the meeting. In this case the date set for the meeting of creditors was January 6, 1982, and there was no extension granted by the Court. Therefore, under ordinary circumstances, the exemptions claimed by the Debtors became final upon expiration of 15 days from January 6, 1982, and this time has passed.

The Debtors contend that they are not strictly bound by the 15-day time limit and are entitled to change the exemptions claimed.

The cases construing the right of the debtor to amend the schedules after the time has expired under Rule 403 are numerous and the Courts have ruled both for and against the allowance of such an amendment out of time. Cases against such allowance are: *In re Korff*, 5 CBC 2d Ser. 174, 14 B.R. 189 (Bkrtcy.); *In Re Eldridge*, 5 CBC 2d Ser. 841, 15 B.R. 594 (Bkrtcy.); *In*

*Re Tuttle*, 5 CBC 2d Ser. 618, 16 B.R. 470 (D.C.); *In Re Santoro*, 3 B.R. 210 (Bkrtcy.); *In Re Duncan* (Amendment after discharge), 7 B.R. 484 (Bkrtcy.); *In Re Cobb*, 3 B.R. 150 (Bkrtcy.); *In Re Shapkin*, 16 B.R. 26 (Bkrtcy.); *In Re Brewer*, 17 B.R. 186 (Bkrtcy.); *In Re Oliver*, 4 BCD 49; *In Re Houck*, 9 B.R. 460 (Bkrtcy.); *In Re Duggan*, 4 B.R. 709 (Bkrtcy.).

On the other hand, it has been held that the debtor may amend his claim to exemptions after the time has expired under Rule 403. *In Re Buck*, 5 CBC 2d 1349, 17 B.R. 168 (Bkrtcy.) (as long as no party in interest has been hurt as a result of relying upon debtor's previous choice of exemptions); *In Re Burgess*, 1 B.R. 421 (Bkrtcy.); *In Re Maxwell*, 5 B.R. 58 (Bkrtcy.) (No adverse rights intervened; *Matter of Mertsching*, 4 B.R. 519 (Bkrtcy.); *In Re Brock*, 10 B.R. 67 (Bkrtcy.) (at any time before closing in absence of detrimental reliance); *In Re Gadsby*, 10 B.R. 199 (Bkrtcy.); *In Re Vest*, 18 B.R. 241 (Bkrtcy.) (subject to objections by any party adversely affected by the amendment).

The record is clear that as of now there has been no prejudice to any party by virtue of the exemptions previously claimed by the Debtors; further, if the amendment sought by the Debtors is allowed, neither the Trustee nor any creditor will be adversely affected. Therefore, the Debtors have brought themselves within the scope of In Re Buck and In Re Vest, supra, which sanction amendments of exemptions out of time. In addition, the Trustee has already received some benefit from the efforts of the Debtors in the performance of services tending to establish the necessary proof in support of the Complaint of the Trustee against the Bradford National Bank to avoid the preference.

The Debtors are also aided by the universal rule that exemption statutes should receive a liberal construction in favor of those intended to be benefited and favorable to the objections and purposes of the enactment. 31 Am.Jur.2d 338. As a corollary it would seem that any exception to the time limit for the amendment of claimed exemptions should likewise be liberally construed in favor of the debtor. Since the Debtors are supported both by case law and liberality of construction they should be permitted to revise their first choice by adopting the federal exemptions permitted under § 522 of the Bankruptcy Code.

## ORDER

In view of the foregoing,

IT IS ORDERED as follows:

1. The Debtors are authorized to claim the exemptions provided under § 522(d) of the Bankruptcy Code in lieu of the state exemptions.

2. They shall within ten days from the date of this Order file a complete list of the exemptions claimed under § 522(d) with a copy transmitted to the Trustee, Douglas J. Wolinsky, Esquire, 131 Main Street, Burlington, Vermont 05401.

3. The Trustee shall have 15 days after the filing of the revised exemptions to file objections.