In re Kathryn Delores CULLEN, a/k/a Kathryn Delores Underwood, Debtor.

**Bankruptcy No. BK–82–30101.**

United States Bankruptcy Court,
S. D. Illinois.

June 3, 1982.

John J. Johnston, Belleville, Ill., for debtor Kathryn Delores Cullen.

Louis C. Grossmann, Belleville, Ill., for Thomas Mackin, trustee.

## ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS

JAMES D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to notice on an objection to exemptions filed by Thomas J. Mackin, Trustee of the estate of the above-named debtor, by Louis Grossmann, his attorney, the Trustee having filed a memorandum of law in support of his position, a memorandum of law having been filed in opposition to the objection by the above-named debtor by John J. Johnston, her attorney, and the Court, having read the memoranda that were submitted and having researched the law and otherwise being fully informed in the matter finds as follows:

1. On February 26, 1982, Kathryn Delores Cullen filed a voluntary petition in Chapter 7 bankruptcy.

2. On Schedule B–4 of her petition in bankruptcy, the debtor claimed a 1978 Chevrolet Nova as exempt property.

3. The 1978 Chevrolet Nova has a fair market value of $2,200.

4. The debtor claimed the car as exempt pursuant to Illinois Revised Statute 1981 c. 52 § 13(c) and Illinois Revised Statute c. 52 § 13(b).

5. On April 19, 1982, the Trustee-in-Bankruptcy objected to the exemptions of the above-named debtor, alleging that the exemption contained in subsection (c) of Chapter 52 § 13 cannot be combined with the exemption contained in subsection (b) of Chapter 52 § 13 to exempt a motor vehicle that is worth more than $1,200.

6. Illinois Revised Statute c. 52 § 13(c) provides that a debtor may exempt his interest, not to exceed $1,200 in value, in any one motor vehicle.

7. Illinois Revised Statute c. 52 § 13(b) provides that the debtor may exempt his interest, not to exceed $2,000 in value, in any other property.

8. The exemption statute in issue in this case became effective on January 1, 1982.

9. Pursuant to § 522(b) of the Bankruptcy Code, 11 U.S.C. § 522(b), Illinois has opted out of the federal exemptions, and, as such, a debtor in Illinois is required to use the state exemptions.

10. The Illinois exemptions were amended on January 1, 1982, in order to allow a resident of Illinois more liberal exemptions, and to more closely approximate the federal exemptions.

11. A reasonable reading of the phrase "in any other property" as contained in subsection (b) indicates that the debtor can use the general exemption to increase the later specific exemptions if the debtor has an excess in the general exemption.

The principal question facing the Court in this case is whether the debtor can use the general exemption contained in Ill.Rev.Stat. c. 52 § 13(b) to increase the specific motor vehicle exemption contained in Ill.Rev.Stat. c. 52 § 13(c). A reasonable reading of the statute indicates that such a use should be allowed.

Pursuant to § 522(b) of the Bankruptcy Code, 11 U.S.C. § 522(b) and Ill.Rev.Stat. c. 52 § 101, Illinois has opted out of the use of the federal exemptions. Since this opt out became effective, a resident of Illinois is required to use the state exemptions. Such a mandatory use of state exemptions is constitutionally permissible. *In Re Sullivan*, 11 B.R. 432, 4 C.B.C.2d 577 (Bkrtcy.C. D.Ill., 1981).

Illinois originally opted out of the federal exemptions effective January 1, 1981. On January 1, 1982, Illinois amended its allowable exemptions. The purpose of this amendment was to make the exemptions more liberal and to more closely parallel the federal exemptions. Pursuant to § 522(d)(5) of the Bankruptcy Code, 11 U.S.C. § 522(d)(5), a debtor is allowed to increase specific exemptions by the unused portion of its homestead exemption. A reasonable reading of Ill.Rev.Stat. c. 52 § 13 indicates that such an increase of specific exemptions by the unused portion of general exemptions should also be allowed when evaluating the state exemptions.

Subsection (b) of § 13 states that the debtor can exempt his interest, not to exceed $2,000 in value, in any other property. This follows subsection (a) which exempts the debtor's entire interest in certain personal property. Subsections (c) and (d) have certain dollar limitations on other specific items of personal property which may be exempted. A reasonable reading of subsection (b) indicates that the $2,000 exemption can be used by the debtor to exempt his interest in any property. This includes increasing the specific exemptions contained in subsections (c) and (d). The term "any other property" contained in subsection (b) must be read to mean any property the debtor owns, with the specific exemptions of subsections (c) and (d) being in addition to the exemption of subsection (b).

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Trustee's objection to exemptions be, and the same is hereby, denied.