**In re Keith Wayne SORENSON and Bonnie Kay Sorenson, Debtors.**

**Bankruptcy No. BK–82–30102.**

United States Bankruptcy Court, S. D. Illinois.

June 10, 1982.

Louis C. Grossmann, Belleville, Ill., for Thomas Mackin, Trustee.

Richard Reed, Belleville, Ill., for Sorenson.

## ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS

J. D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, this matter having come before the Court pursuant to notice on an objection to exemptions filed by Thomas J. Mackin, Trustee of the estate of the above-named debtors, an answer and affirmative defense having been filed by the above-named debtors by Richard G. Reed, their attorney; the parties having agreed that this matter could be decided on the pleadings; the Court, having reviewed the file, and having researched the law and otherwise being fully informed in the matter finds as follows:

1. On February 26, 1982, the above-named debtors filed a voluntary petition in bankruptcy.

2. Keith Wayne Sorenson claimed a 1974 Mercury Cougar as exempt property pursuant to Ill.Rev.Stat.1981 c. 52 § 13(c).

3. Bonnie Kay Sorenson claimed a 1973 Chevrolet Impala as exempt property pursuant to Ill.Rev.Stat. c. 52 § 13(c).

4. Bonnie Kay Sorenson also claimed a 1970 Ford Van as exempt property pursuant to Ill.Rev.Stat. c. 52 § 13(b).

5. On April 28, 1982, Thomas J. Mackin, Trustee of the estate of the above-named debtors, filed an objection to the exemptions of the debtors, alleging that the debtors can only exempt property pursuant to Ill.Rev.Stat. c. 52 § 13(c), and that an automobile cannot be exempted under Ill.Rev. Stat. c. 52 § 13(b).

6. The exemption in "any other property" contained in Ill.Rev.Stat. c. 52 § 13(b) is broad enough to allow a debtor to exempt an automobile if the debtor has sufficient excess in his exemptions.

The principal question facing the Court in this case is whether a debtor can exempt an automobile under the general exemption provided by Ill.Rev.Stat. c. 52 § 13(b). A reasonable reading of this section indicates that such an exemption should be allowed.

Illinois Revised Statute c. 52 § 13(b) is a general exemption in "any other property" of the debtor up to a maximum of $2,000. A specific automobile exemption is contained in Ill.Rev.Stat. c. 52 § 13(c). It is reasonable to interpret subsection (b) to allow the debtor to exempt an interest in an automobile regardless of the use of the specific automobile exemption. The phrase "any other property" must be read to mean

any property of the debtor not otherwise specifically exempted. This would include another car if the general exemption has sufficient excess to exempt the car.

 While the debtor may only exempt his interest in one car under subsection (c) of the Illinois Exemption Act, a second vehicle can be exempted under subsection (b) provided there is sufficient excess in the exemption.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Trustee's objection to exemptions be, and the same is hereby, denied.