In re William Thomas BUTTON, Catherine Frances Button, Debtors.

William Thomas BUTTON, Catherine Frances Button, Plaintiffs,

v.

Divina N. NOE, Defendant.

Bankruptcy No. 3–82–01061.
Adv. No. 3–82–0817.

United States Bankruptcy Court,
E.D. Tennessee.

March 23, 1983.

F. Chris Cawood, Kingston, Tenn., for plaintiffs.

Dennis Blevins, Kingston, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is plaintiff's motion for a new trial, Rules Bankr.Proc. Rule 923,[1] 11 U.S. C.A., and the exemptibility of $588.85 garnisheed from the debtor husband's wages within ninety days of the filing of the bankruptcy petition. Debtors contend the garnishment of the husband's wages constitutes a preferential transfer which the trustee could have avoided under 11 U.S.C.A. § 547(b) (1979). They further contend that the inaction of the trustee entitles them to avoid the garnishment because they can exempt the garnisheed funds. 11 U.S.C.A. § 522(h) (1979). The defendant contends

---

1. "Except as provided in Rule 307 [inapposite herein] Rule 59 of the Federal Rules of Civil Procedure applies in bankruptcy cases."

Rule 59(a) of the Federal Rules of Civil Procedure recites in part: "On motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

the transfer of garnisheed funds to her is not avoidable because her garnishment was issued and served beyond the ninety day period of Code § 547(b)(4)(A).

I

The facts are generally undisputed. On May 29, 1981, a judgment was entered in the Circuit Court of Roane County in favor of Divina N. Noe against Richard G. Button and William T. Button, a debtor herein. This judgment recites in part, "[T]hat all matters in controversy have been compromised and that accordingly, plaintiff [Noe] shall have and recover of the defendants the sum of One Thousand Dollars ($1,000.00) for her damages sustained . . . ." An attempt to enforce the judgment by garnishment of William T. Button's wages was undertaken by Noe. Garnishment was issued on December 11, 1981, and served on William Button's employer on December 18, 1981. A check, representing garnisheed funds, in the amount of $430.49 was issued to Noe by the Roane County Circuit Court Clerk on March 23, 1982.

Thereafter, on March 25, 1982, Noe caused a second garnishment to be issued to William Button's employer. The date of service is not reflected in the present record. This second garnishment reflects a judgment balance of $569.51 (the difference between $1,000.00 and the $430.49 received pursuant to the first garnishment). The parties agree Noe received $588.85 from William Button's wages pursuant to this garnishment. It appears the initial payment pursuant to the second garnishment was issued to Noe by the circuit court clerk's office on June 10, 1982.

On July 23, 1982, William Thomas Button and Catherine Frances Button, husband and wife, filed their joint chapter 7 bankruptcy petition. The debtors filed a complaint against Noe on September 13, 1982, seeking

recovery of the funds garnisheed pursuant to the March 25, 1982, garnishment. After trial on November 12, 1982, the court announced the debtor's complaint against Noe would be dismissed because the debtors had not amended their bankruptcy schedules to claim an exemption in the controverted funds. A proposed order documenting the court's findings at trial and approved by counsel was prepared but has never been entered by the court.

On November 19, 1982, the debtors filed an amendment to their petition to reflect their interest in the money garnisheed pursuant to the March 25, 1982, garnishment. The debtors also indicated their desire to amend their Schedule B–4 (Property claimed as exempt) to claim an exemption in these garnisheed funds.

Debtors' attorney filed a motion for a new trial on November 24, 1982. The debtors maintain the court erred in its announced decision to dismiss their complaint. They contend they are entitled to avoid any transfer to defendant Noe effected pursuant to the second garnishment and to exempt any garnisheed funds recovered from defendant Noe by them. The debtors further contend Rules Bankr.Proc. Rule 110,[2] 11 U.S.C.A., authorizes amendment of their Schedule B–4 to claim an exemption in the funds at issue since their bankruptcy case has not been closed.

II

Bankruptcy Code § 522(h) enacts in part:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section . . . 547 . . . of this title or recoverable by the trustee under section 553 of this title; and

2. The rule provides in material part: "A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed."

The Tenth Circuit Court of Appeals recently held the provisions of this rule and Bankruptcy Rule 403, having continued applicability in

Bankruptcy Code cases, require that the debtor be allowed to amend his exemption claims to include newly discovered property as a matter of course, provided the case has not been closed. *Redmond v. Tuttle,* 698 F.2d 414 (10th Cir.1983).

(2) the trustee does not attempt to avoid such transfer.

The qualifying language "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section" prohibits a debtor from avoiding either a voluntary transfer of his property or a transfer of property concealed by the debtor.[3] Neither of those limitations is applicable in the instant case.

A preliminary issue, then, is whether the $588.85 garnisheed could be exempted by the debtors. Tenn.Code Ann. § 26–2–102 (1980)—*Personal property selectively exempt from seizure*—enacts:

> Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

Since Schedule B–4 of the debtors' petition reflects a personal property exemption claim by William Button in the amount of only $1,775.00, the garnisheed funds at issue would have been exemptible but for the garnishment.

▮ The next issue is whether the second garnishment effected a preferential transfer of the debtor's wages to defendant Noe. Except as provided in Code § 547(c) a pre-petition transfer of a debtor's property is preferential, and thus avoidable under Code § 547(b), if it is—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

. . .; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The payment through garnishment was for the benefit of a creditor (Noe) on account of an antecedent debt. For the purpose of determining whether a transfer is preferential, a debtor is presumptively insolvent "on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C.A. § 547(f) (1979). The garnishment enabled defendant Noe to receive more than she would have received through chapter 7 liquidation.[4] Consequently, the transfer pursuant to the second garnishment was preferential if it was made within the 90-day period immediately preceding the date of the debtors' petition in bankruptcy.

The garnishment was issued 120 days before the date of the filing of debtors' peti-

---

**3.** 11 U.S.C.A. § 522(g) (1979) provides:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

> (B) the debtor did not conceal such property; or
>
> (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

**4.** Noe received the entire amount owed to her pursuant to garnishment. The debtors' schedules reflect assets with a value of $22,185.00 and liabilities of $31,973.44. Clearly, Noe, as an unsecured claimant, would not realize a 100% recovery through chapter 7 liquidation.

tion. The date of service of the garnishment summons is not disclosed in the record but allegedly was more than 90 days prior to the debtors' filing in bankruptcy. However, payments from the garnisheed wages were made within the 90-day period preceding the bankruptcy filing. Did the transfer occur when the garnishment was issued, when the garnishment was served, or when payment was received by defendant Noe?

The issue is governed by the provisions of 11 U.S.C.A. § 547(e) (1979), as observed by Judge Paine in *Eggleston v. Third Nat'l Bank,* 19 B.R. 280 (Bkrtcy.M.D.Tenn.1982). In *Eggleston,* Third National Bank had obtained a judgment against the debtor on October 28, 1980. The Bank had an execution of garnishment issued on January 6, 1981; the garnishment was served on the debtor's employer on February 20, 1981. Deductions were withheld from the debtor's salary during April, May, and June. The debtor filed his bankruptcy petition on June 25, 1981. The debtor claimed the wages garnisheed by the Bank as exempt and sought to avoid the garnishment as a preferential transfer, just as the debtors hope to do in the instant case. The Bank contended the service of the garnishment order on February 20, 1981, eliminated the debtor's property rights in his future wages. The debtor, however, insisted the transfer of the garnisheed wages could not have occurred until the debtor had obtained a right to receive his wages. Judge Paine agreed with the debtor, finding the issue controlled by Code § 547(e)(3), which enacts:

"For the purposes of this section, a transfer is not made until the debtor has ac-

quired rights in the property transferred." [5]

Since the debtor in *Eggleston* did not acquire rights in his wages until earned, the deductions from his salary occurred within the 90 days preceding the filing of his bankruptcy petition. Concluding the remaining elements of Code § 547(b) were satisfied, Judge Paine ordered the Bank to turnover to the debtor the preferential payment received through garnishment.

Just as Judge Kelley did in *Walden v. First Tennessee Bank,* 19 B.R. 901 (Bkrtcy. E.D.Tenn.1982), this court concurs in Judge Paine's analysis of the issue of the time of transfer presented in *Eggleston.*[6] Therefore, any transfer pursuant to garnishment, for the purposes of Code § 547, could not have occurred in this case until the debtor William Button had acquired rights in his wages. It appears the first withholding of wages pursuant to the second garnishment was received from William Button's employer by the circuit court clerk on April 27, 1982, within the 90-day period preceding the filing of the petition. Consequently, the payments received by Noe are preferential transfers avoidable by the debtors. 11 U.S.C.A. § 522(h) (1979).

Code § 522(*l*) requires a debtor to file a list of property claimed as exempt.[7] The property claimed as exempt on the list will be exempt unless a party in interest objects.[8] Neither the Code nor the Interim Rules address the procedure to be followed by a debtor desiring to amend his claim of exemptions subsequent to the deadline for objections to exemptions.

---

**5.** The legislative history of § 547(e)(3) reflects the expressed intent of Congress to overrule cases such as *Grain Merchants of Indiana, Inc. v. Union Bank and Savings Co.,* 408 F.2d 209 (7th Cir.1969), *cert. denied,* 396 U.S. 827, 90 S.Ct. 75, 24 L.Ed.2d 78 (1969) and *DuBay v. Williams,* 417 F.2d 1277 (9th Cir.1969), decided under the Bankruptcy Act, which hold that after-acquired collateral transferred to a secured party during the four months preceding the bankrupt's filing was not preferentially transferred if the creditor's security interest had been perfected more than four months prior to the bankruptcy petition. See H.R.Rep. No. 595, 95th Cong., 2d Sess. 374, *reprinted in* 1978 U.S.Code Cong., & Ad.News 5963, 6330.

**6.** Cases involving garnishment of funds of the debtor already owing to the debtor by the garnishee on the date of garnishment, as opposed to wages to be earned, are to be distinguished. See *In re Hallmark Properties, Inc.,* 22 B.R. 451 (Bkrtcy.D.Hawaii 1982); *In re Brinker,* 12 B.R. 936 (Bkrtcy.D.Minn.1981).

**7.** A dependent of the debtor is permitted to file such a list upon the failure of the debtor to do so.

**8.** The standard provision in the order of notice of meeting of creditors in this district provides any objection to a debtor's claim of exempt property, absent an extension, must be filed within 15 days after the date set for the § 341 meeting of creditors.

The § 341 meeting of creditors was held in the debtors' case on August 13, 1982. The debtors received their discharge on October 14, 1982. Only thereafter, on November 19, 1982, did debtors seek to amend their petition to reflect their interest in the funds garnisheed pursuant to Noe's second garnishment and claim an exemption therein.

There is a division of authority on whether a debtor should be permitted to amend his claim of exemptions after the final date for entering objections thereto. See *In re McQueen,* 21 B.R. 736, 737–38 (Bkrtcy.D.Vt. 1982). Considering exemption laws are generally afforded a liberal construction in conjunction with the absence of prejudice to any party in interest, the court is inclined to permit the debtors' amendment to claim an exemption in the garnisheed funds recoverable from the defendant Noe.

In view of the evidence adduced at the trial on November 12, 1982, and the absence of any material factual questions, a new trial is unnecessary.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.