In re William Robert McDONALD and Deborah Jean McDonald, Debtors.

William Robert McDONALD and Deborah Jean McDonald, Plaintiffs,

v.

LANDMARK FINANCE, Defendant.

Bankruptcy No. 82–00270.
Complaint No. 82–0931.

United States Bankruptcy Court,
D. South Carolina.

Sept. 13, 1983.

William T. Clarke, Greenville, S.C., for plaintiffs.

Everette Hoke Babb, Mauldin, S.C., for defendant.

MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The debtors are seeking, pursuant to 11 U.S.C.[1] § 522(f)(2)(A)[2], to avoid the security interest of the defendant (Landmark) on household goods. The defendant has moved to dismiss the complaint on the ground that it was not filed timely.

## FINDINGS OF FACT

On February 18, 1982, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (§ 701 *et seq.*).

On September 7, 1982, the debtors attended the § 524(d) discharge hearing. Nevertheless, on request of the debtors' attorney, the order granting the debtors' discharge has not been issued.

On September 13, 1982, the debtors filed this complaint; and on November 1, 1982, a trial was held and the matter taken under advisement pending a decision by this court on a similar issue in another case.

On May 13, 1983, the debtors filed amended schedules claiming, as exempt, the household goods involved in the lien avoidance action.

## ISSUES

The issues in this case are: (1) whether the debtors' amended claim of exemptions should be allowed; and (2) whether the debtors are entitled to avoid, under § 522(f)(2), the defendant's security interest in the household goods.

## DISCUSSION AND CONCLUSION

Because § 522(f)(2) provides for avoiding security interests to the extent that they impair the debtors' exemptions, this court must first decide whether the household goods are exempt, and then it must decide whether the action was timely filed.

I

A debtor has the right to amend his schedule of exempt property after the time for claiming exemptions under Bankruptcy Rules 403(a) and 108(b) has expired. This court is of the opinion that debtors should be allowed to amend their schedules at any time prior to the closing of the case, *Shirkey v. Leake,* 715 F.2d 859 (4th Cir. 1983), subject to objections by any party which is adversely affected by the amendment. *In re Vest,* 18 B.R. 241, 242 (Bkrtcy. D.N.M.1982). *See, Redmond v. Tuttle (In re Tuttle),* 10 B.C.D. 116, 117–118, 698 F.2d 414 (10th Cir.1983); *Button v. Noe (In re Button),* 10 B.C.D. 563, 565, 29 B.R. 118 (Bkrtcy.E.D.Tenn.1983); *In re Tignor,* 9 B.C.D. 285, 286, 21 B.R. 219, 220 (Bkrtcy.E. D.Va.1982); *In re McQueen,* 21 B.R. 736, 738 (Bkrtcy.D.Ver.1982); *In re Buck,* 17 B.R. 168, 5 C.B.C.2d 1349 (Bkrtcy.D.Hawaii 1982); *Chrystler v. Geresy (In re Brock),* 10 B.R. 67, 4 C.B.C.2d 436 (Bkrtcy.W.D.Mich. 1981); *In re Boyer,* 7 B.C.D. 88, 7 B.R. 930 (Bkrtcy.D.Idaho 1981); *In re Maxwell* 6 B.C.D. 1121, 5 B.R. 58, 2 C.B.C.2d 1000 (Bkrtcy.N.D.Ga.1980); *Jones v. Burgess (In re Burgess),* 1 B.R. 421 (Bkrtcy.M.D.Tenn. 1979) (Case under Bankruptcy Act). *Compare, Doan v. Hudgins (In re Doan),* 672 F.2d 831 (11th Cir.1982); *In re Brewer,* 17 B.R. 186 (Bkrtcy.M.D.Tenn.1982); *In re Shapkin,* 16 B.R. 26, 28 (Bkrtcy.E.D.Cal. 1981); *In re Houck,* 7 B.C.D. 486, 9 B.R. 460, 3 C.B.C.2d 956 (Bkrtcy.E.D.Mich.1981); *In re Duggan,* 6 B.C.D. 666, 4 B.R. 709 (Bkrtcy.N.D.Tex.1980); *Central Kansas Credit Union v. Lyon (In re Lyon),* 6 B.C.D. 343, 2 C.B.C.2d 561 (Bkrtcy.D.Kan.1980).

This conclusion is consistent with § 522(*l*)[3] which "must be read in conjunc-

---

1. Further reference to sections of the Bankruptcy Code of 1978 will omit the identically numbered section of Title 11, United States Code.

2. § 522(f): Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—... (2) a nonpossessory, nonpurchase-money security interest in any—(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; ....

3. § 522(*l*): The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor

tion with the Bankruptcy Rules." *Shirkey v. Leake, supra.* Under § 522(*l*) "property claimed as exempt is exempt absent *an objection by a party in interest*". *3 Collier on Bankruptcy* ¶ 522.26 at p. 522–73 (15th ed. 1979) (emphasis added).

Furthermore, this conclusion is not unduly burdensome to creditors or the trustee in that it recognizes that "the creditors . . . may challenge the . . . designation." *Shirkey v. Leake, supra;* and allows the court to deny the exemption if the objecting party is adversely affected by the debtor's delay in claiming the exemption.

Earlier, this court held that until a rule to the contrary is promulgated,[4] subsections (b), (c), (d) and (e) of Bankruptcy Rule 403 are superseded by § 522(*l*), thus allowing objections to exemptions at any time unless the delay in filing such an objection prejudices the debtor. *Dillon v. Nieves (In re Dillon),* Case No. 82–01425, Complaint No. 82–1126, (Bkrtcy.D.S.C. March 2, 1983). That time, along with the court's opportunity to deny an unreasonably delayed exemption claim, offers adequate protection from abuse which may result from a debtor's delay in claiming exemptions.

Allowing a debtor to amend his schedules to claim exemptions prior to the closing of his case, absent objection of an adversely affected party, is consistent with the policy that exemption laws should be generally afforded a liberal construction, *see, Button v. Noe, (In re Button),* 10 B.C.D. at 565, 21 B.R. 118. *In re McQueen,* 21 B.R. at 738, especially when, as here, the failure to claim exemptions appears to be the fault of the debtors' attorney. *See, In re Bessel,* 18 B.R. 320, 323 (Bkrtcy.D.Wis.1982); *In re Boyer,* 7 B.C.D. 88, 7 B.R. 930 (Bkrtcy.D. Idaho 1981).

"Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted," *Doan v. Hudgins (In re Doan),* 672 F.2d at 833.

██ No party in interest has objected. The debtors' exemption schedule, as amended, should be allowed.

## II

After having determined that the property is exempt, the court must determine whether the court should avoid the defendant's security interest in the household goods, pursuant to § 522(f)(2), or whether the court should dismiss this proceeding because of the debtors' delay in filing the action.

"If the lienholder has not been prejudiced by the delay resulting from the debtor's failure to file a lien avoidance action, the debtor's lien avoidance proceeding should be entertained . . . ." *In re Hawkins,* Case No. 81–00837 (Bkrtcy.D.S.C. January 24, 1983); *aff'd* Civil Action No. 83–467–3 (Bkrtcy. D.S.C. April 28, 1983); Notice of Intent to Appeal filed.

In determining whether a lienholder had been prejudiced by the debtor's delay in filing a lien avoidance action so as to warrant a denial of the lien avoidance relief sought by the debtors, this court has said:

"To deny relief to the debtor, the record should show (1) a failure by the debtor to act promptly in asserting his rights under § 522(f) without good cause therefor; (2) reliance by the creditor on the debtor's failure to assert his rights and an assertion by the creditor of his rights against the property based on such reliance; and (3) a creditor who is acting, and has acted, in good faith."

*In re Hawkins, supra,* quoting *Towns v. Postal Finance Co.,* 16 B.R. 949, 955 (Bkrtcy.N.D.Iowa 1982).

In *Hawkins,* the debtors did not attempt to reopen their case to bring the lien avoidance action until after the automatic stay

---

does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

**4.** Bankruptcy Rule 4003, effective August 1, 1983, now sets a time limit of 30 days after the conclusion of the meeting of creditors for the filing of objections to exemptions.

had been terminated, pursuant to § 362(c) [5], by the court's executing the order granting the debtors a discharge, and after the debtors' case had been closed. Despite those events, the lienholder in *Hawkins* commenced a claim and delivery proceeding in state court to recover its collateral. The court, concluding that the debtors' delay in filing the lien avoidance action was inexcusable and that the lienholder, which had acted in good faith, had been prejudiced by the debtors' delay in filing the lien avoidance action, denied the debtors' motion to reopen their case so that they might file a lien avoidance action.

Here there was a delay of approximately seven months between the filing of the debtors' petition for relief and the filing of this lien avoidance proceeding. There is no showing of justifiable excuse for the delay. Nor is there any showing of bad faith on the part of Landmark.

 Unlike *Hawkins,* here there is here no prejudice to the creditor warranting denial of the relief sought by the debtors. The order granting the debtors' discharge had not been executed nor had the case been dismissed or closed, prior to the debtors' filing their lien avoidance action; therefore, the stay had not been terminated pursuant to § 362(c). Because the stay had not been terminated, Landmark could not, and had not, initiated state court proceedings to recover its collateral.

Inasmuch as Landmark has not been prejudiced by the debtors' delay in filing this lien avoidance action, and has not raised any other meritorious defense to the debtors' complaint, the debtors are entitled to the avoidance of the nonpossessory, non-purchase-money security interest of Landmark to the extent that it impairs their exemptions.

5. § 362(c): Except as provided in subsections (d), (e), and (f) of this section—(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and (2) the stay of any other act under subsection (a) of this section continues until

ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. The motion of Landmark Finance to dismiss the debtors' complaint be, and it hereby is, DENIED; and

2. The plaintiffs have judgment against the defendant avoiding the defendant's security interest in the household goods to the extent that said security interest impairs the plaintiffs' exemptions therein.

the earliest of—(A) the time the case is closed; (B) the time the case is dismissed; and (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.