In re Joseph A. PASTOREK, Jr. and Cathy A. Pastorek, Debtors.

No. 83–4069.

United States District Court, C.D. Illinois, Rock Island Division.

Sept. 23, 1983.

John Farber, Geneseo, Ill., for plaintiffs.

David P. Miller, Davenport, Iowa, Trustee.

### ORDER

MIHM, District Judge.

The Debtors filed a joint petition in bankruptcy under Chapter 7. Their assets consisted of one parcel of residential real estate in which they had no equity and had waived any homestead exemption. They had very

little personal property of any value with the exception of two vehicles—one vehicle being titled in the name of each debtor. The vehicles were owned by Debtors clear of any encumbrances. The Debtors claimed in their list of property exemptions an exemption of $3,200 for each vehicle, based on Ill.Rev.Stat. Ch. 52, § 13(b) and (c) [now Chapter 110, ¶ 12–1001(b) and (c)].

The Trustee objected to the Debtors claimed exemption arguing that the Debtors were entitled to an exemption of only $1,200 per vehicle rather than $3,200.

The exemptions for personal property are listed in ¶ 12–1001 of the Illinois Code of Civil Procedure. That paragraph provides in relevant part:

"The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

(a) the necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents; and

(b) the debtor's equity interest, not to exceed $2,000 in value, in any other property;

(c) the debtor's interest, not to exceed $1,200 in value, in any one motor vehicle."

The Debtors argue that they should be entitled to stack the exemptions in subsections (b) and (c) and, therefore, be allowed $3,200 ($2,000 plus $1,200) for each vehicle. The Trustee, on the other hand, argues that the specific exemption provided for motor vehicles in subsection (c) limits the exemption to $1,200 and, therefore, a motor vehicle is not included in the general $2,000 exemption provision.

The Bankruptcy Court in the Southern District of Illinois briefly discussed the relationship between subsections (b) and (c) of § 13, Ch. 52, Ill.Rev.Stat. There the Court was presented with the issue of whether a debtor could exempt the debtor's second motor vehicle under subsection (b). The Court concluded:

"While the debtor may only exempt his interest in one car under subsection (c) of the Illinois Exemption Act, a second vehicle can be exempted under subsection (b) provided there is sufficient excess in the exemption." *In Re Sorenson,* 21 B.R. 94 (Bkrtcy.S.D.Ill.1982).

The issue before this Court is not whether the exemption of subsection (b) can be used for a second vehicle, but whether both subsections (b) and (c) can be used on the same vehicle. The Court agrees with the Bankruptcy Court that the Debtors were not entitled to stack the exemptions provided in subsections (b) and (c).

The reference in subsection (b) to "any other property" means any property not specifically exempted in any other section of ¶ 12–1001. Because motor vehicles are specifically exempted in subsection (c), they are not to be included in the "any other property" provision of subsection (b).

The Debtors point to the Federal Exemption schedule under § 522 of the Bankruptcy Code in support of their "stacking" argument. While the Federal Exemption Statute is similar in many respects to the Illinois Statute, the Federal Exemption Statute specifically allows such stacking. Under § 522(d) the following property may be exempt:

"(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.

\*　　\*　　\*　　\*　　\*　　\*

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under ¶ (1) of this subsection, in any property."

Thus, § 522(d)(5) of the Federal Statute allows a debtor to apply the unused portion of the exemption provided in subsection (d)(1) to any property. The Illinois Statute has no such provision.

In addition, the general exemption provision (§ 522(d)(5)) under the Federal statute refers to "any property" while the Illinois general exemption provision (¶ 12–1001(b)) refers to "any *other* property". By the inclusion of the word "other" the legislature expressed an intent to exempt property not specifically listed elsewhere in the statute. If the legislature intended to allow stacking of the exemptions, a provision similar to that in the Federal Exemption Statute could have been added.

Accordingly, IT IS ORDERED that the decision of the Bankruptcy Court is AFFIRMED.