**In re Rex JOHNS and Diana Joan Johns, Debtors.**

**Bankruptcy No. 283–00390.**

United States Bankruptcy Court,
C.D. Illinois.

April 25, 1984.

Brent D. Holmes, Mattoon, for debtors.

Jean Nickless Ochs, Paris, Ill., for trustee.

ORDER

LARRY LESSEN, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Report of Exempt Property. The issues in this case are whether Debtors may exempt a portion of the value of a truck under § 12–1001(b) of Illinois' personal property exemption statute, Ill.Ann.Stat. ch. 110, § 12–1001(b) (Smith-Hurd 1983), and whether Debtors may each exempt two vehicles under § 12–1001(c) of Illinois' personal property exemption statute. Ill.Ann. Stat. ch. 110, § 12–1001(c). The Court has considered the pleadings and the arguments of counsel and propounds the following Order.

On their bankruptcy schedules Debtors each claimed as exempt property a 1979 one-ton truck (hereinafter referred to as "truck"), pursuant to Ill.Rev.Stat. ch. 52, ¶¶ 13(b) and (c) [1] in the amount of $1500.00 and a 1976 Pontiac automobile (hereinafter referred to as "car"), pursuant to Ill.Rev. Stat. ch. 52, ¶ 13(b) [2] in the amount of $400.00. Debtors argue that they are each entitled to a $1200.00 exemption in the truck, that they are each entitled to a

---

1. In 1982 Illinois renumbered its exemption statute. The present statute, identical in language to its predecessor, is located at Ill.Ann. Stat. ch. 110, § 12–1001 (Smith-Hurd 1983). The court will use the present citation. ·

2. Id.

$400.00 exemption in the car, and that they may apply a portion of their § 12–1001(b) exemption to their § 12–1001(c) exemption to claim a $1500.00 exemption in the truck. Illinois' personal property exemption provides,

> The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:
>
> a) The necessary wearing apparel, bible, school books, and family pictures of the debtor and debtor's dependents; and
>
> b) The debtor's equity interest, not to exceed $2,000.00 in value, *in any other property*
>
> c) The debtor's interest, not to exceed $1,200.00 in value, in any *one* motor vehicle.

Ill.Ann.Stat. ch. 110, § 12–1001(a), (b), (c) (Smith-Hurd 1983) (emphasis added).

■ The first issue is whether § 12–1001(c) permits Debtors to claim an exemption in the truck and an exemption in the car. Debtors read § 12–1001(c) to allow them to each exempt two (2) motor vehicles. The Court concludes that the language of § 12–1001(c) does not support this reading. The statute allows every debtor to exempt up to $1200.00 in any *one* motor vehicle. The Court concludes that this statute permits a debtor to exempt up to $1200.00 in *one* motor vehicle owned by the debtor claiming the exemption.

■ Addressing an analogous issue, this court, in *In re Vernon*, Bankr. No. 283-0056 (Bkrtcy.C.D.Ill.1984), considered whether § 12–1001(c) permitted debtors in a joint bankruptcy case to each claim a $1200.00 exemption in the same motor vehicle. The court held that if joint debtors own the same vehicle they may claim their exemptions in the jointly owned vehicle. See also *In re Janesofsky*, 22 B.R. 973 (Bkrtcy.D.Colo.1982). Applying *In re Vernon* to this case, Debtors may exempt up to the value of $2400.00 in any one vehicle they both own *or* each Debtor may exempt up to the value of $1200.00 in a vehicle owned by the Debtor claiming the exemp-

tion. Debtors may not claim a $2400.00 exemption in a truck *and* a $1500.00 exemption in a car.

■ The second issue in this case is whether Debtors may apply a portion of their § 12–1001(b) exemption to their § 12–1001(c) exemption. Debtors read "any other property" in § 12–1001(b) to allow them to aggregate or stack a $300.00 portion of their § 12–1001(b) exemption to their $1200.00 § 12–1001(c) exemption to claim a $1500.00 exemption in their car. Although there is authority to the contrary [3], the rule in this District and the better policy is to prohibit Debtors from stacking their personal property exemptions. *In re Pastorek*, 33 B.R. 406 (D.C.C.D.Ill.1983).

In *In re Pastorek*, the court considered whether debtors could stack their § 12–1001(b) $2000.00 general personal property exemption to their § 12–1001(c) $1200.00 automobile exemption to claim a $3,200.00 exemption in their automobile. The court concluded that "any other property" in § 12–1001(b) means any property not specifically exempted in any other sub-section of § 12–1001. The court concluded that although the federal exemptions permit stacking, 11 U.S.C.A. § 522(d)(5), Illinois' exemptions should not be read to allow stacking. The court held, therefore, that debtors could not stack their general personal property and vehicle exemptions.

This court finds the reasoning and conclusions of *In re Pastorek* persuasive. Illinois' personal property exemption concerning "any other property" refers to property not specifically exempted in any sub-section of § 12–1001. Since a motor vehicle is specifically exempted in § 12–1001(c), debtors may not claim an exemption for an automobile under § 12–1001(b).

IT IS THEREFORE ORDERED that the Trustee's objection to personal property be, and is hereby allowed.

---

**3.** *In re Cullen,* 21 B.R. 118 (Bkrtcy.S.D.Ill.1982).

*In re Sorenson,* 21 B.R. 94 (Bkrtcy.S.D.Ill.1982).